IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PENNY E. KRIESCH           )
2702 Muskogee Street       )
Adelphi, MD 20783,         )
                           )
        Plaintiff,         )
                           )
     v.                    )  Civil Action No. _____
                           )
MICHAEL O. JOHANNS         )
SECRETARY OF AGRICULTURE,  )
U.S. Department of Agriculture )
Whitten Building, Room 200A )
1400 Independence Ave., S.W. )
Washington, DC 20250-0100,  )
                           )
        Defendant.         )
_____)

## COMPLAINT

1. Plaintiff Penny E. Kriesch, by and through undersigned counsel, hereby files this civil action against Defendant Michael O. Johanns, Secretary of Agriculture, in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for harms caused to Plaintiff by Defendant's unlawful race discrimination and retaliation against her. Plaintiff requests as relief: an immediate retroactive promotion to a GS-14 position for the period August 1999 to June 2003, with full back pay and benefits, including interest, maximum compensatory damages, declaratory and injunctive relief, and attorney fees, costs, and expenses, in order to remedy Defendant's unlawful acts.

## PARTIES

2. Plaintiff Penny E. Kriesch, a United States citizen, is a long-time federal employee with over 26 years of government service, who has dedicated her last 16 years to the United States Department of the Agriculture ("USDA") Animal and Plant Health Service ("APHIS").  She resides at 2702 Muskogee Street, Adelphi, MD 20783.  Ms. Kriesch is African American.

3. Defendant Michael O. Johanns is Secretary of Agriculture and the head of the USDA, and as such, has ultimate authority over the actions of APHIS.  Defendant is sued in his official capacity only.  His address is 1400 Independence Ave., S.W., Washington, DC 20250.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

5. Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 1981a.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).  The majority of the discriminatory acts took place in the District of Columbia.

7. The facts underlying Ms. Kriesch's Complaint were developed, in part, through administrative Equal Employment Opportunity ("EEO") complaints which she timely initiated and has fully exhausted.

8. Ms. Kriesch timely initiated contact with Defendant's Civil Rights Office regarding her claims of discrimination and hostile work environment on July 2, 1999 (Agency Case No. 990793), on November 10, 1999 (Agency Case No. 000170), and again on October 18, 2000 (Agency Case No. 010053). She timely filed formal EEO complaints regarding these claims on February 28, 2000, and October 5, 2000. Plaintiff's complaints were consolidated for investigation on March 5, 2001, and Defendant then completed a Report of Investigation ("ROI") on Plaintiff's formal EEO complaints. However, to date, Defendant has not issued a Final Agency Decision ("FAD") on these complaints, and Plaintiff now files the present Complaint more than 180 days after filing her formal EEO complaints. See 42 U.S.C. § 2000e-16(c).

9. Ms. Kriesch timely initiated contact with Defendant's Civil Rights Office on July 19, 2001, regarding her claim of retaliation (Agency Case No. 020011), and she was notified of her right to file a formal EEO complaint on September 28, 2001. Ms. Kriesch then timely filed her formal EEO complaint on October 2, 2001, which was later accepted for investigation by the USDA on May 30, 2002. After completing its ROI on Plaintiff's formal complaint, Defendant issued a letter to Ms. Kriesch authorizing her to request an Equal Employment Opportunity Commission ("EEOC") hearing, which she timely did (Hearing No. 120-2003-00221X). On December 16, 2003, following

a hearing, the EEOC issued an Order Entering Judgment in favor of Defendant, and on March 18, 2004, the USDA issued its FAD, which Ms. Kriesch timely appealed to the EEOC Office of Federal Operations ("OFO") on April 16, 2004 (Appeal No. 01A43314). On June 3, 2005, the OFO issued a decision denying Ms. Kriesch's appeal, and Ms. Kriesch timely requested reconsideration of that decision (Request No. 05A5117). On September 12, 2005, the OFO issued a denial of Ms. Kriesch's request for reconsideration, which she received on September 15, 2005. Plaintiff files the present Complaint within 90 days after receiving that decision.

## **FACTS**

10. Ms. Kriesch is a highly qualified, well-educated federal employee. She has a Bachelor of Arts ("B.A.") degree, *cum laude*, from Trinity College, Washington, D.C., where she had a triple major in Early, Elementary, and Special Education (1978). While in college, Ms. Kriesch studied abroad at Oxford University in an Honors Program in History, English, and Political Science (1976). She also has a Masters in Science ("M.S.") Degree, *cum laude*, in Organization Development/Human Resources from American University (1993). Ms. Kriesch's award-winning Masters thesis was on Strategic Development.

11. Ms. Kriesch is currently employed by USDA APHIS as a Management Analyst, having served in this position since June 2004. Previously, Ms. Kriesch served in various GS-13 non-supervisory positions at APHIS, primarily in human resources and

4

communications from July 1989 to June 2004. Prior to working at APHIS, she worked at the Food and Drug Administration ("FDA") for six years from September 1985 to July 1989. In her last position at FDA, she was a GS-13 Supervisory Personnel Management Specialist for almost two years (August 1987 to July 1989). Previously, she had worked at the Naval Surface Weapons Center, U.S. Department of the Navy, from January 1984 to September 1985, and earlier at the Defense Logistics Agency from August 1979 to January 1984.

12. Ms. Kriesch was discriminated against on the basis of her race and/or retaliation for filing EEO complaints and/or opposing discriminatory practices as set forth below in paragraphs 13-23.

13. Ms. Kriesch was discriminated against when, from February 24, 1998 and following, Defendants located her rehired former supervisor in an office close to her office. This white male, former supervisor had previously sexually assaulted her and had been fired from federal service for his actions against her.

14. Ms. Kriesch was discriminated against when, from January 1997 to January 1999, Defendant failed to provide her with career development opportunities. Specifically, she was not given the same training or special assignments as another, younger white employee, who was subsequently selected for Agency Chief of Staff instead of Plaintiff.

15. Ms. Kriesch was discriminated against when, from January 1997 to January 1999, Defendant failed to give her performance evaluations and performance awards commensurate with her performance.

16. Ms. Kriesch was discriminated against when, on or about March 9, 1999, she was not selected for a GS-14 position.

17. Ms. Kriesch was discriminated against when, on August 20, 1999, she was denied a position upgrade to GS-14, despite the conclusion of a desk audit that she was entitled to a GS-14.

18. Ms. Kriesch was discriminated against when, following the desk audit, Defendant enacted unfair procedures for processing the audit recommendation for a GS-14 upgrade, resulting in denial of the upgrade to her position.

19. Ms. Kriesch was discriminated against when, on September 20, 1999, and October 12, 1999, she was removed from her headquarters location and reassigned to another organizational level, effectively removing her from her "as audited grade 14" programs and responsibilities.

20. Ms. Kriesch was discriminated against when, after the position upgrade to GS-14 was denied, a major duty of her position (Plain Language) was taken away, thereby diminishing her GS-13 position.

21. Ms. Kriesch was discriminated against when Defendant refused to process her Workplace Violence investigation resulting from a March 2000 incident, in which her supervisor

chased her down a hallway and tried to take her purse, its contents, and her personal possessions. On another occasion, this same supervisor kicked her door open, yelled and screamed at her, and falsely accused her of serious wrongdoing.

22. Ms. Kriesch was discriminated against when she was suspended for three days, August 15-17, 2000, and by the events related to the suspension.

23. Ms. Kriesch was discriminated against in all other matters and events set forth in her EEO complaints in Agency Case Nos. 990793, 000170, 010053.

24. Ms. Kriesch is a long-time, highly qualified, well-educated federal employee with an M.S. degree in Organization Development/Human Resources from American University. Ms. Kriesch's Masters thesis was on Strategic Development, and she has been involved in strategic planning work since 1984.

25. Ms. Kriesch, who began working for the federal government in 1979, has devoted 26 years of service to the federal government, including 16 years with the USDA at APHIS. Between 1998 and the date of the retaliatory non-selection at issue in her final EEO complaint, Ms. Kriesch served as a GS-13 Program/Management Analyst, during which time she earned a series of commendations and awards. In June 2003, almost two full years after Defendant denied her the GS-14 selection that underlies her last EEO Complaint, Ms. Kriesch was finally promoted to GS-14.

26. Throughout her lengthy career, Ms. Kriesch has been responsible for successfully completing many high profile projects for the USDA. Ms. Kriesch has worked as a private consultant in strategic planning; she was part of international team involved in strategic planning issues with the Embassy of Ghana; and she designed the strategic planning systems and subsystems used throughout APHIS Plant Protection and Quarantine ("PPQ"), Animal and Plant Health Inspection Service. During her tenure with APHIS, Ms. Kriesch served as a PPQ internal strategic planner and as an oft-requested strategic planning expert for Department-level activities. Ms. Kriesch was also responsible for teaching USDA personnel about project management and results-based management.

27. At the time of the retaliatory non-selection to GS-14 at issue in her final EEO complaint, Ms. Kriesch had almost 22 years of professional experience and nearly 14 years of service as the GS-13 level. While serving as a GS-13, and throughout her tenure as a federal employee, Ms. Kriesch was excellent in performing her duties, as evidenced by the fact that she had received twenty-six (26) awards for the quality of her work.

28. Despite her qualifications, experience, and successful performance, Ms. Kriesch was retaliatorily denied a promotion to a GS-14 position in June 2001 based on retaliation when she was not selected for the position of GS-14 Program Analyst advertised in Merit Promotion Announcement 9-77-165-1.

29. The primary responsibility of this position, as it was originally advertised, was strategic planning. The list of Knowledge, Skills, and Abilities ("KSAs") for an employee to be considered "one of the best qualified" candidates for the position included knowledge "strategic planning," "skills in use of long-range planning," and the ability to communicate.

30. Ms. Kriesch was not selected for the GS-14 Program Analyst position because of her prior protected EEO activities, including a 1989 EEO complaint, her subsequent EEO complaints as discussed herein, and her involvement in a long-running a class action discrimination case.

31. In 1989, Ms. Kriesch filed and successfully prevailed in an EEO complaint against her then-supervisor, John Good for sexual assault and verbal abuse ("EEO Complaint One").

32. In 1999, Ms. Kriesch filed and participated in another EEO complaint against the USDA for retaliation and discrimination ("EEO Complaint Two"), which is set forth above in paragraphs 13-23. This complaint was initially based on Defendant's decision to assign Ms. Kriesch to work in an office only four doors from Mr. Good, who had been subsequently rehired by the USDA, but the complaint was later consolidated with two other EEO complaints (Agency Case Nos. 990793, 000170, 010053). These cases were ongoing and active at the time the events underlying the third EEO Complaint occurred.

33. Ms. Kriesch was also involved in <u>Spencer, et al., v.</u>

USDA (EEOC No. 370-2004-00241X, Agency No. 032049), a long-running administrative class action law case at the EEOC, in which she has served as a Class Sub-Agent.

34. Ms. Kriesch is (and was) an active, dues-paying member of the USDA Coalition of Minority Employees ("Coalition"), an organization that has as its stated purpose: "the eradication of all forms of discrimination and to serve as the conscience of USDA." See www.agcoalition.org. Ms. Kriesch is a State Chapter Representative and has been actively involved in several high-profile actions taken by the Coalition, including interactions with the White House, Congress, and the Secretary of Agriculture. Ms. Kriesch also helped write the Coalition's USDA Civil Rights strategic plan that was adopted in its entirety by former Secretary of Agriculture, Ann M. Veneman.

35. By 2001, it was general knowledge among USDA and APHIS employees and managers that Ms. Kriesch had engaged in protected EEO activities and opposed discrimination at the USDA.

36. John Payne (white male), Ms. Kriesch's former first-level supervisor and the former Associate Director of APHIS PPQ Plant Health Programs, knew about Ms. Kriesch's protected EEO activities in 2001. Ms. Kriesch was reassigned to work under Mr. Payne's supervision in 1998 as a direct result of EEO Complaint Two and they had spoken about her EEO activities. He also knew about her involvement in the Coalition because she requested leave from him on several occasion in order to

participate in meetings or events related to her duties with the organization. (Mr. Payne routinely denied these requests and required Ms. Kriesch to use flex time or personal leave in order to participate in these Coalition events.)

37. Ms. Kriesch's former second-level supervisor and the former Director of APHIS PPQ Plant Health Programs, Mary S. Neal, also knew about Ms. Kriesch's protected EEO activities in 2001. Ms. Neal was involved in the workplace violence investigation that resulted from EEO Complaint One and was named as an Agency official in EEO Complaint Two.

38. Other USDA employees who were involved in this non-selection also knew about Ms. Kriesch's prior protected activities in 2001 included Faith Taylor, Andrea Morgan, M.D., and Mr. Payne's Assistant, Russell Caplen, who had been documented as having harassed Ms. Kriesch regarding her prior sexual assault.

39. On February 26, 2001, Ms. Kriesch applied for the GS-14 Program Analyst position advertised in Merit Promotion Announcement 9-77-165-1 by submitting her resume and an SF-171 application package.

40. Other candidates, including selectee Linda Banks, also applied for this position.

41. Ms. Banks had never engaged in any protected EEO activities, and she has stated that she would never file an EEO complaint because she does not believe in the EEO process.

42. A Merit Promotion Panel chaired by Cheri A. Oswalt, which consisted of USDA Human Resources Specialists and technical matter experts, reviewed the candidates' applications for qualifications and experience by matching them against the KSA's listed in the Merit Promotion Announcement. This panel determined that Ms. Kriesch was one of the best qualified candidates and placed her on the Certificate of Eligibles, i.e., the Best Qualified List ("BQL").

43. The BQL was then forwarded to Mr. Payne, who served as the selecting official. Ms. Neal served as the approving/concurring official.

44. After receiving the BQL, Mr. Payne established two additional panels to review the candidates' qualifications further: a Technical (Paper) Panel, which reviewed the candidates' applications, and a Behavioral Event Interview ("BEI") Panel, which performed interviews.

45. Vacancies at APHIS are typically filled through the use of only one panel to establish the BQL, followed by interviews, but Mr. Payne deviated from Agency practices by assembling the Paper Panel as an additional pretextual hurdle.

46. Mr. Payne chose the individuals who served on these panels. The Paper Panel consisted of three individuals: Michael Colbert, Elna Hunter, and Phil Carcia, who was not an expert in strategic planning. The BEI Panel consisted of four individuals: Ms. Taylor (facilitator), Dr. Morgan, Ron Komsa, and

Cynthia Mercado. Mr. Caplen served as the administrator for both of the Panels.

47. Instead of using the KSA's that were previously listed in the Merit Promotion Announcement and made available to all the candidates, after the BQL was established Mr. Payne created different standard of review questions and criteria to be used by the panels. Unlike the publicized KSA's, these new criteria did not match the Merit Promotion Announcement, they minimized the importance of strategic planning, and they were intentionally written to favor Ms. Banks' selection.

48. In addition to her initial application packet, Ms. Kriesch also submitted a second packet of information as part of her BEI and a third packet containing samples of her strategic planning work. By contrast, Ms. Banks did not prepare documentation for her BEI.

49. These application packets were received by Mr. Payne.

50. Although the three interview packets Ms. Kriesch submitted for consideration were complete and well organized, the copies of these documents that were given to the Panel participants for review were incomplete, did not include all of the documents Ms. Kriesch had submitted, and were rearranged in a disorganized and unprofessional manner.

51. The Paper Panel never convened, never discussed the candidates applications as a group, and never agreed upon (i.e., certified) the candidates' scores. The individual Panel members

13

gave their scores to Mr. Caplen to be compiled, and he was the only person, other then Mr. Payne, who was privy to all of the individual scores.

52. The Paper Panel's top four scores were given to Ms. Kriesch, Ms. Banks (no EEO activity), Mary "Connie" Williams (no EEO activity), and Ruth Rosenthal (no EEO activity).

53. During a meeting prior to the candidates' interviews, Mr. Payne spoke to the BEI Panel members about EEO activities as the PPQ and BEI Panel facilitator. Ms. Taylor informed the panelists that one of the candidates was an EEO grievant who had previously filed an EEO complaint about a PPQ personnel action. Ms. Taylor later informed Dr. Morgan that Ms. Kriesch was the applicant who filed the complaint.

54. Mona Grupp, who at the time was under investigation for alleged workplace violence against Ms. Kriesch, was present outside the BEI room prior to Ms. Kriesch's interview, even though she did not work in that corridor, which only housed two conference rooms and the computer center personnel.

55. The BEI Panel's top three scores were given to Ms. Kriesch, Ms. Banks, and Ms Williams. Ms. Kriesch, who was considered the best (i.e., "unreachable") candidate after her interview, earned the highest ranking of any of the other candidates, including Ms. Banks.

56. After receiving the BEI Panel's scores and recommendations, Mr. Payne changed the reported scores by arbitrarily

giving additional points to Ms. Banks outside of the BEI Panel's purview, review, or concurrence.  Ms. Neal later admitted that Mr. Payne's actions were discriminatory.

57.  Based on the work of both the Paper and BEI Panels, three individuals were referred to Mr. Payne for consideration: Ms. Kriesch, Ms. Banks, and Ms. Williams.  Ms. Kriesch earned the highest aggregate panel score.

58.  In July 2001, Mr. Payne selected Ms. Banks to fill the positions, and her GS-14 promotion became effective on January 28, 2001.

59.  Ms. Kriesch's training and experience clearly exceeded Ms. Banks' qualifications.  Ms. Kriesch had been involved in strategic planning since 1985, while Ms. Banks had never conducted strategic planning.  Furthermore, Ms. Kriesch had written an award-winning Masters thesis was on strategic planning (unlike Ms. Banks) and the Panel participants acknowledged that Ms. Kriesch's professionalism and considered her the unreachably best qualified candidate.

60.  Witnesses who proffered statements in support of Ms. Kriesch during the administrative process were subsequently subjected to false accusations and frivolous investigations as a means of retaliating against them for participating in the EEO investigation.

## CAUSE OF ACTION

### Count I

61. Based upon the facts described above, Defendant unlawfully discriminated against Plaintiff Penny E. Kriesch on the basis of her race (African American) by subjecting her to adverse personnel actions in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e.

### Count II

62. Based upon the facts described above, Defendant unlawfully discriminated against Plaintiff Penny E. Kriesch on the basis of her race (African American) by subjecting her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e.

### Count III

63. Based upon the facts described above, Defendant unlawfully retaliated against Plaintiff Penny E. Kriesch on the basis of her prior protected EEO activity by denying her a promotion to the GS-14 position advertised in Merit Promotion Announcement 9-77-165-1 in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e.

## RELIEF REQUESTED

64. Plaintiff requests the following relief:

   a. Immediate retroactive promotion of Plaintiff to a GS-14 position for the period August 1999 to June 2003;

    b.    Full back pay, with interest, and benefits for the period of Plaintiff's discriminatory/retaliatory non-promotion to GS-14;

    c.    A GS-15 position or equivalent pay to alleviate the effects of Plaintiff's earlier discriminatory/retaliatory non-promotion to GS-14;

    d.    Maximum compensatory damages to which Plaintiff is entitled after proof at trial up to the maximum of $300,000;

    e.    Appropriate record correction consistent with the facts of this case and the above requested relief;

    f.    An Injunction enjoining Defendant from discriminating or retaliating against any employee, including Plaintiff; with appropriate notices of the Injunction posted at the APHIS Animal and Plant Health Inspection Service in Riverdale, Maryland;

    g.    The reasonable attorney fees at prevailing market (*Laffey*) rates, costs, and expenses of this action; and

    h.    Such other relief as the Court deems just and appropriate.

## JURY TRIAL

65. Plaintiff requests a trial by jury on all issues that are triable by jury.

                                                      /s/

                                  JOSEPH D. GEBHARDT
                                     (DC Bar No. 113894)
                                MARK A. DANN
                                   (DC Bar No. 484523)
                                GEBHARDT & ASSOCIATES, LLP
                                1101 17th Street, N.W.
                                Suite 807
                                Washington, DC 20036-4716
                                (202) 496-0400

December 14, 2005           Attorneys for Plaintiff