# EXHIBIT 11

# REPORT OF EEO COUNSELOR

**EEO COUNSELOR:** DALE M. O'NEAL

**ADDRESS:** DSZ & ASSOCIATES, INC.
455 WEST BROADWAY
BOSTON, MA 02127

## INFORMATION ABOUT THE COMPLAINANT

**Name (Last/First/MI):** Kriesch, Penny E.

**Title/Series/Grade:** Communications Manager, GS-301-13

**Organization:** United States Department of Agriculture (USDA)
Animal & Plant Health Inspection Service (APHIS)
Plant Protection and Quarantine (PPQ)

**Work Address:** 4700 River Road
Riverdale, Maryland

**Home Address:** 6309 Balfour Drive
Hyattsville, Maryland 20772

**Work Phone #:** 301 734-8412    **Home Phone #:** 301 559-1739

**Anonymity:** Y☐ N X    **Union:** Y☐ N X

**Complainant Representative (if any):** Kamala M. Vasagam, Attorney at Law

## RESPONDING OFFICIAL (RO)

**Name/Title:** Craig Reed, Administrator
SES

**Address::** United States Department of Agriculture (USDA)
Animal & Plant Health Inspection Service (APHIS)
Whitten Building, Room 308 E
1400 Independence Avenue, SW
Washington, DC 20250

**Phone #:** (202) 720-3861

Exhibit 3B
Page 2 of 32

1

## COMPLAINT INFORMATION

**Basis of Complaint:**
  A. Discrimination based on race (black), sex (female), and retaliation

**Issue of Complaint (including date of each issue):**
  A. Refusal to promote aggrieved to GS-14 level based on an August 13, 1999 desk audit which results aggrieved learned on August 20, 1999

## COUNSELING PROCESS

**Date of First Contact:** Aggrieved initially contacted the agency EEO office on September 26, 1999, and faxed a statement of her allegations on September 27
**Extension Granted:** Y X    **DATE OF EXTENSION)** 2/14/00 N ☐
**Certified Mail Article Number:** Z 324 33445 763
**Date Right to File Notice Issued:** February 15, 2000
**Date Counselor's Report Issued:** February 28, 2000

## REPORT OF COUNSELING

**THE ISSUE(S):**

Penny Kriesch, Communications Manager, GS-301-13. Ms. Kriesch's initial allegations concerned delays in acting on a recommended upgrade to GS-14 for her position. The upgrade resulted from a desk audit which was conducted on August 13. Ms. Kriesch learned of the findings on August 20, she stated. She contacted Thelma Leftwich on September 26 and faxed her a lengthy statement of her allegations on September 27. (attachment A) These allegations noted that Ms. Kriesch had a pending complaint against Dr. Reed for non-selection. The included allegations were delays in the approval process, inaction by management, and the addition of new procedures for approving upgrades. The allegations were assigned to an agency counselor for handling.

Subsequently, on October 22, Ms. Kriesch filed an additional inquiry after learning that her upgrade had been denied. Ms. Kriesch's new allegations were that her work environment was hostile, that here duty station had been changed, and that the upgrade denial was in retaliation for her prior EEO activity. (attachment B, C)

Ms. Kriesch also provided a lengthy statement outlining the relief requested for the hostile environment and duty station allegation, as well as her request for upgrade. (attachment D)

On December 7, 1999, I met with Ms. Kriesch and her attorney, Ms. Kamila Vasagam in Ms. Vasagam's office at 1800 K Street, Washington, DC. Ms. Kriesch stated that Mr. Craig Reed (white, male), Administrator, SES, APHIS, has discriminated against her because of her race (black) and sex (female) when he refused to process the accretion of

Exhibit of 3B
Page 3 of 32

duties promotion to GS-14.

Ms. Kriesch's position was audited at the request of Dr. Richard Dunkle, Deputy Administrator, PPQ, on August 13, 1999. She was told of the audit results on August 20, 1999. The findings of the audit classified the position at the GS-14 level. Dr. Dunkle authorized the classification of the position to the GS-14 level and confirmed he did not want her duties changed to a more narrow scope position of Communications Program Analyst.

Ms. Kriesch stated that the classifier, Ms. Kathryn Schrack, Position Classification Specialist, GS-221-13, forwarded the audit results to Dr. Craig Reed for his signature. Dr. Reed has final approval authority for such action. However, the action was returned unsigned and she was told by Mr. Ken Johnson, Director of Riverdale-Washington Business Site, that she had to undergo a second audit process with a different classifier (collection of e-mail messages provided). According to Ms. Kriesch, she asked Mr. Johnson to provide the rationale for the second audit but he refused to respond in writing and would not go on record as being the person requiring another audit.

Ms. Kriesch stated that the audit has not been conducted but her duties have been reassigned to other employees, consolidated with other positions, and advertised (documents provided). Ms. Kriesch stated she has also been ordered not to use her full capabilities to perform her job functions.

Ms. Kriesch stated that the promotion action did not go through the normal approval process but was done through new approval procedures. Subsequently, the following occurred (documents provided for each item):

(1) Twice reassigned: first reporting to Mr. Paul Eggert, Assistant Deputy Administrator then to Ms. Mona Grupp, MRP/ABS Liaison

(2) Major initiative (Plain Language) has been taken from her leadership.

(3) Management has continually "lost" copies of her Outstanding performance appraisals from 1995-96 and 1996-97.

Ms. Kriesch provided the following documentation in support of her claims of discrimination and retaliation other than case-specific:

(1) NAACP Federal Sector Task Force dated October 1999, demonstrates that duty assignments which have a high probability of promotion, and/or financial rewards are basically off limits to most racial minority employees.

(2) Office of Personnel Management (OPM) review of APHIS human resource practices indicated illegal personnel procedures.

Exhibit 3B

Page 4 of 32

3

(3) Plant Protection Quarantine (PPQ) OAS survey demonstrates problems and racism within PPQ management.

(4) Letter to the administrator dated 10/18/99, shows that sufficient high-level grade authorizations were available.

(5) Notes from Mr. Al Elder, and Mr. Craig Reed, Administrator APHIS with reference to professionalism and recent granting of Within Grade Increase

**SPECIFIC CORRECTIVE ACTION(S) REQUESTED BY COMPLAINANT:**

Ms. Kriesch stated to resolve her complaint informally, she request the following:

(1) Processing of promotion. Retroactively

(2) Outstanding performance appraisal and awards

(3) Change in reporting line

(4) Attorney's fees

(5) $100,000 in damages

**NAME, TITLE, WORK ADDRESS, PHONE NUMBER, AND NATURE OF INVOLVEMENT OF OTHERS IN THE CASE:**

Dr. Craig Reed, Administrator, SES
United States Department of Agriculture (USDA)
Animal & Plant Health Inspection Service (APHIS)
Whitten Building, Room 308 E
1400 Independence Avenue, SW
Washington, DC 20250
(202) 720-3861

Dr. Richard Dunkle, Deputy Administrator of APHIS
United States Department of Agriculture (USDA)
Animal & Plant Health Inspection Service (APHIS)
Whitten Building, Room 306 E
1400 Independence Avenue, SW
Washington, DC 20250
(202) 720-4441

Exhibit 3B
Page 5 of 32

4

Ms. . Kathryn Schrack, Position Classification Specialist
United States Department of Agriculture (USDA)
Human Resources Services Enhancement Employment & Classification Policy
1400 Independence Avenue, SW   Room 1724 S
Washington, DC  20250
(202) 720-9407

Mr. Ken Johnson, Director of Riverdale-Washington Business Site
United States Department of Agriculture (USDA)
Animal & Plant Health Inspection Service (APHIS)
4700 River Road
Riverdale, Maryland
(301) 734-5470

Mr. George Justus, Special Assistant to the Administrator (Dr. Craig Reed)
United States Department of Agriculture (USDA)
Animal & Plant Health Inspection Service (APHIS)
4700 River Road
Riverdale, Maryland
(301) 734-3870


**FACTS DEVELOPED IN THE INQUIRY:**

**George Justus, Special Assistant to the Administrator (Dr. Craig Reed), GS-14, USDA, APHIS, (301) 734-3870**

I contacted the office of Dr. Craig Reed, Administrator, SES, USDA, APHIS, on February 7, 2000 to inform him of Ms. Kriesch's allegations of discrimination and to schedule an appointment with him. I was told to call back on February 9, 2000. On February 9, 2000, I telephoned Dr. Reed's office and was told that Dr. Reed was just returning from a trip and it would be a few days before I could speak with him . I was told that if I could/would email my questions to Dr. Reed, I would received a more speedy response. On February 14, 2000, I received a voice mail message from Mr. George Justus requesting that I contact him. I spoke with Mr. Justus several times on February 15, 2000. Mr. Justus (white, male), stated that he is the Special Assistant to the Administrator (Dr. Craig Reed), GS-14, and he would be handling this complaint for Dr. Reed. I advised Mr. Justus of Ms. Kriesch's allegations of discrimination. He stated that there has been no discrimination against Ms. Kriesch in any way.

Regarding the audit of Ms. Kriesch, Mr. Justus stated that she (Ms. Kriesch) created a position description (PD) of her own and the PD possessed duties with higher levels of responsibility but the PD did not possess the duties that Dr. Dunkle wanted. He said that Dr. Dunkle wanted the PD that Ms. Kriesch had at that time of the audit (original) and not a new PD with higher levels of responsibility. He stated that Ms. Kriesch provided Ms.

Exhibit 3 B
Page 6 of 32

5

Schrack with information that would make her position a GS-14. Mr. Justus stated that his information came directly from Dr. Dunkle and Ms. Lucinda Riley, Program Analyst.

Regarding the issue of Dr. Reed refusing to sign the SF-52 for Ms. Kriesch to receive an upgrade to a GS-14, Mr. Justus stated that paperwork never reached the desk of Dr. Reed. He stated that upon the completion of the audit, Ms. Schrack (classifier) forwarded the paperwork to Ms. Marylynn Horst, Human Resources, who forwarded the same back to her supervisor, Mr. Ken Johnson, because there were items that she questioned.

Mr. Justus stated a meeting was held between the administrators and Dr. Dunkle to discuss the process/procedure for upgrading a position because he (Dr. Dunkle) was fairly new to the agency.

**Dr. Richard Dunkle, Deputy Administrator, SES, USDA, APHIS, (202) 720-4441**

I contacted the office of Dr. Richard Dunkle (white, male), Deputy Administrator, SES Level V, USDA, APHIS, on February 8, 2000 to schedule an appointment and was granted an appointment for a telephone interview on February 9, 2000. I spoke with Dr. Dunkle via telephone on February 9, 2000 and informed him of Ms. Kriesch's allegations of discrimination. He stated that he does not feel that Ms. Kriesch has been discriminated against.

With reference to the audit of Ms. Kriesch position, Dr. Dunkle stated that he is fairly new to PPQ, and was unaware of some procedure differences in auditing at PPQ as opposed to the procedures at his prior agency. Therefore, he said he accepted the audit results as factual after having received them from the classifier, Ms. Kathryn Schrack. Dr. Dunkle stated that because this was what he knew as standard procedure, he then authorized the processing of the up-grade.

Dr. Dunkle stated that upon his authorization to Ms. Schrack to proceed with the up-grade of Ms. Kriesch's position, the action was forwarded to Dr. Reed who returned the same unsigned. He stated that he learned from Ms. Kriesch's supervisor (Mr. Chuck Schwalbe) that he should have re-evaluated/reviewed the audit results and the PD prior to authorizing the up-grade of the position. He stated that he was informed that the classifier based her audit on information provided to her by Ms. Kriesch and she (Ms. Kriesch) embellished the information she provided.

Dr. Dunkle stated that he was told by Ms. Kriesch's supervisor that based on the outcome of the audit her (Ms. Kriesch) position needed to be looked at again because there was questionable information included. Dr. Dunkle stated that he has no knowledge concerning a second audit.

I informed Dr. Dunkle of Ms. Kriesch request for relief and advised him that I would call again in a few days for his decision. I spoke with Dr. Dunkle on February 15, 2000 and Dr. Dunkle stated that he does not have the authority to make an offer nor would he

EXHIBIT 3B
Page 7 of 32

recommend one because there has been no discrimination against Ms. Kriesch.

**Mr. Ken Johnson, Director, of Riverdale-Washington Business Site, GS-15 USDA, APHIS (301) 734-5470**

I attempted to contact Mr. Ken Johnson (black, male), Director of Riverdale-Washington Business Site, GS-341-15, USDA, APHIS on several occasions and finally on February 10, 2000, Mr. Johnson returned my telephone call and I informed Mr. Johnson of Ms. Kriesch allegations of discrimination.

Regarding the issue of the second audit as required by Mr. Johnson, he stated that this is untrue and he refused to answer any more questions.

Mr. Johnson then questioned my position as EEO Counselor and I suggested that he contact Ms. Myra Young at the USDA EEO office. I then offered to meet with him at his office but he stated that he would telephone his EEO office and get back to me. He telephoned me and stated that all EEO personnel gone for the day and he would get back to me the next day (February 11, 2000). When Mr. Johnson did not contact me, I telephoned his office and was told he was on another line but my message to him would be delivered.

On February 15, 2000, Mr. Johnson returned my phone call and stated that he had verified my position. He stated that after learning about the situation regarding Ms. Kriesch's audit, he either contacted Dr. Dunkle and Mr. Charles Schwalbe, Assistant to the Deputy Administrator, or they contacted him (but he couldn't remember who contacted who) to discuss the audit process.

Mr. Johnson stated that following his contact with the afore-mentioned gentlemen, he reviewed the audit findings and it was clear to him that there were discrepancies between what the position description (PD) was suppose to be and what it actually stated. He said following his findings, there was a meeting held between himself, Dr. Dunkle and other administrators to see what Dr. Dunkle wanted in the PD.

Mr. Johnson stated that following the meeting, he was told what the duties were and was provided with a list of the same. He stated that upon receipt of the necessary information, Ms. Schrack rewrote the PD per Dr. Dunkle's description. He stated that the initial developmental PD was very loosely defined and there were no clearly defined duties.

I asked Mr. Johnson several times if he requested a second audit with a new classifier and he never gave me an answer. He did say that there was a new PD written if this is what you call a second audit.

Exhibit 3B
Page 8 of 32

Ms. Kathryn Schrack, Position Classification Specialist, GS-221-13, USDA, APHIS, Human Resources Services Enhancement Employment & Classification Policy, (202) 720-9407

I contacted Ms. Kathryn Schrack (white, female), Position Classification Specialist, GS-221-13, USDA, APHIS, Human Resources Services Enhancement Employment & Classification Policy, on February 08, 2000, and informed her of Ms. Kriesch's allegations of discrimination.

Ms. Schrack stated that she conducted an audit on Ms. Kriesch position and classified the same at a GS-14 level. Ms. Schrack stated that because she had signed documentation already and she had exceeded her time frame, she forwarded the documents to Ms. Marylynn Horst in Human Resources for processing.

Ms. Schrack stated that she should have sent the document back to Dr. Dunkle for the purpose of re-orienting the actual process and the decision to proceed with up-grading the position. She stated that she takes responsibility for having forwarded the document to Human Resource before sending the same to Dr. Dunkle first.

Regarding the second audit to be conducted, Ms. Schrack stated that this happens occasionally due to several factors i.e., functional reviews, limitations on high grades, reorganization and budget constraints. Ms. Schrack stated that the process of the up-grade was stopped and the PD was re-written due to a re-organization. She said she was informed of such when she attended a meeting which included the following persons:

(1) Dr. Richard Dunkle, Administrator, USDA, APHIS
(2) Mr. Charles Schwalbe, Assistant to the Deputy Administrator
(3) Mr. Paul Eggert, Special Assistant to the Deputy Administrator
(4) Ms. Lucinda Riley, Program Analyst
(5) Steve Carpenter, Position Classification Specialist (Human Resources)
(6). Ken Johnson, Director, Riverdale-Washington Business Site

**RESOLUTION EFFORTS:**

I informed Dr. Dunkle of Ms. Kriesch's request for relief and advised him that I would call again in a few days for his decision. I spoke with Dr. Dunkle on February 15, 2000, and Dr. Dunkle stated that he does not have the authority to make an offer nor would he recommend one because there has been no discrimination against Ms. Kriesch.

I advised Mr. Justus of Ms. Kriesch's allegation of discrimination. He stated that there has been no discrimination against Ms. Kriesch in any way. After hearing Ms. Kriesch's request for relief, Mr. Justus declined to make an offer of relief.

Exhibit 3B
Page 9 of 32

## CLOSURE:

I telephoned Ms. Kriesch on February 15, 2000, and informed her of the responses to her allegations of discrimination. She said the responses from the RMO's are unacceptable and she will pursue the formal complaint process. I conducted the final interview.

*Dale O'Neal (p/)*
**EEO Counselor**

03/02/00
**Date**

Exhibit 3B
Page 10 of 32