**EXHIBIT 15**

UNITED STATES DEPARTMENT OF AGRICULTURE

EEO COUNSELOR'S REPORT

| | |
|---|---|
| **NAME OF EEO COUNSELOR:** | Daneé Gaines |
| **ADDRESS:** | 455 West Broadway<br>Boston, Massachusetts 02127 |
| **PHONE:** | 617.269.0849 |
| **DATE OF REPORT:** | October 24, 2000 |

### INFORMATION ABOUT THE COMPLAINANT

| | |
|---|---|
| Name: | Penny E. Kriesch |
| Title/Series/Grade: | Communications Manager, GS-301-13 |
| Place of Employment: | U.S. Department of Agriculture |
| Work Address: | Department of Agriculture<br>PPO Headquarters<br>4700 River Road, Suite 4D67<br>Riverdale, Maryland 20737 |
| Work Phone Number: | 301.734.8412 |
| Home Address: | 6309 Bulfour Drive<br>Hyattsville, Maryland 20772 |
| Home Phone Number: | 301.559.1739 |
| Anonymity: NO | Union: NO |

### RESPONDING OFFICIAL

Paul Eggert 202.720.3321
Assistant to the Deputy Administrator
Plant Protection and Quarantine

Mona Grupp 202.734.7764
Director, MRP Business Services Liaison Staff

Exhibit 3 C
Page 1 of 35

## COMPLAINT INFORMATION

Basis(es) of complaint: Race (African American) and Reprisal

Issue(s) of complaint (including date of each issue):

1) Ms. Kriesch alleges that management refused to process her "Work Place Violence" investigation. The alleged incident involving Mona Grupp occurred on March 20, 2000.
2) Ms. Kriesch was suspended for three (3) days on August 15, 16 and 17, 2000.

## COUNSELING PROCESS

| | |
|---|---|
| Date of Initial Contact: | August 24, 2000 |
| Date of Initial Interview: | September 1, 2000 |
| Extension Granted: | N/A |
| Expiration Date of Extension: | N/A |
| Date Right to File Notice Issued: | October 4, 2000 |
| Date Counselors' Report Issued: | October 24, 2000 |

## THE ISSUES:

1) Counselee alleges management refused to process her "Work Place Violence" investigation. The alleged incident occurred on March 20, 2000, involving Mona Grupp.

2) The Counselee states that she was suspended on August 15, 16 and 17, 2000.

## SPECIFIC CORRECTIVE ACTION(S) REQUESTED BY COMPLAINANT:

1) The Counselee would like to have the suspension expunged from her record.
2) The Counselee would like to receive back pay for the three (3) days she was suspended (August 15, 16 and 17, 2000).
3) The Counselee would like to receive any and all compensatory damages she is entitled under the law.
4) The Counselee would like a written apology from the Agency for the suspension.

## NAME, TITLE, WORK ADDRESS, PHONE NUMBER, AND NATURE OF INVOLVEMENT OF OTHERS IN THE CASE

The Counselee provided me with the names and telephone numbers of the following individuals that are involved in this case. However, the thirty-day counseling period expired before the Counselee provided me with pertinent information to assist me with the counseling process, and the Counselee did not wish to extend the counseling period because she did not believe management would be helpful. Her desire was to file a formal complaint.

Exhibit 3.c
Page 2 of 35

2

| | |
|---|---|
| **Craig Reed** | 202.720.3861 |
| **Charles Schwalbe**<br>Associate Deputy Administrator<br>Plant Protection and Quarantine | 202.720.4441 or 202.720.5601 |
| **Paul Eggert**<br>Assistant to the Deputy Administrator<br>Plant Protection and Quarantine | 202.720.3321 |
| **Mona Grupp**<br>Director<br>MRP Business Services Liaison Staff | 202.734.7764 |

## FACTS DEVELOPED IN THE INQUIRY

### PERSONAL CONTACTS

*COUNSELEE*

a. **Penny Kriesch**

On August 24, 2000, I contacted Ms. Kriesch in reference to the informal complaint she filed against the Agency. During that initial discussion, we established a date and time for the initial interview. Ms. Kriesch stated that we could conduct the interview over lunch. On September 1, 2000, at 12:30 p.m., I met with Ms. Kriesch at the Metro Center Metro Station and we proceeded to the Old Ebbitt Grill to conduct the initial interview. After the formal introductions, I provided Ms. Kriesch with her Notice of Rights and Responsibilities. She reviewed the Notice and signed the document in the appropriate places. Ms. Kriesch began to provide me with the allegations and supporting facts in her informal complaint. She informed me that she was suspended for three (3) days (August 15, 16 and 17, 2000) for "Failure to Follow Supervisory Instructions." She stated that this suspension was based on "Specifications 1, 3 and 5." (See attached letter from Paul Eggert dated August 3, 2000). However, during the initial interview, Ms. Kriesch did not have any written documentation regarding the suspension or the work place violence allegations. She indicated that material was voluminous, and she would forward the material to me as soon as she organized it. She informed me that I should have the information within a week.

Also, during the initial interview, Ms. Kriesch informed me of the remedies she was seeking. She informed me that she would like to have the suspension expunged from her record, back pay for the three (3) days she was suspended, a written apology from the Agency and compensatory damages.

Exhibit 3.C
Page 3 of 35

3

Ms. Kriesch and I ended the interview with the understanding that she would forward the information supporting her allegations, the name(s) of the responding official(s) she was naming in her complaint and any other information that would assist in the counseling process to me as soon as possible. Each week, Ms. Kriesch provided me with an update on the status of the material she was compiling and on the independent attempts she had made to remedy this case. She indicated that she had contacted Paul Eggert, Charles Schwalbe and Mona Grupp. However, neither manager had returned her call. On October 2, 2000, Ms. Kriesch informed me that she wanted to file a formal complaint and no longer wished to continue with the counseling process. Ms. Kriesch stated she did not believe that management would cooperate at this informal level. Therefore, she would like to file a formal complaint.

On October 4, 2000, I faxed the Notice of Right to File along with a Complaint of Employment Discrimination Form to the Counselee at the following fax number: 301-734-8318. On October 12, 2000, I received, via Federal Express, a signed copy of the Notice of Right to File, that I had faxed on the 4th, along with information supporting the allegations asserted in the Counselee's informal complaint. This was the information the Counselee had promised during the initial interview. After reviewing this information, I contacted the individuals named in the complaint and provided them with an opportunity to respond to the allegations before completing the report.

## RESPONDENT OFFICIALS

b.   **Mona Grupp**

On October 19, 2000, I called Mona Grupp, Director, MRP Business Services Liaison Staff. Ms. Grupp returned my call on Monday, October 23, 2000, and we discussed the issues contained in Ms. Kriesch's complaint at 12:15 p.m. Ms. Grupp informed me that the Work Place Violence Report was processed by Mary Neal, and that I should contact her in reference to that issue because she did not have any knowledge of how the report was processed.

In reference to the three (3) day suspension imposed on Ms. Kriesch, Ms. Grupp stated that she provided the documentation for the, then, proposed suspension, which was ultimately prepared by the Employee Relations Specialist. Ms. Kriesch stated that she proposed a seven (7) day suspension. However, the suspension was subsequently mitigated to three (3) days. Ms. Grupp stated she believed then and she believes now that the suspension was appropriate.

Exhibit 3C
Page 4 of 35

4

c. **Paul Eggert**

I contacted Paul Eggert, Assistant Deputy Administrator, Plant Protection and Quarantine, on October 19, 2000 regarding the allegations in Ms. Kriesch's informal complaint. Mr. Eggert returned my call on October 23, 2000. Mr. Eggert informed me that even if he had the authority to expunge the suspension from Ms. Kriesch's record, he would not because he stands by what he wrote in his report. Mr. Eggert stated that he had offered Ms. Kriesch an alternative discipline that would not have required a suspension. However, she refused to sign it. Mr. Eggert stated that the proposed suspension was for seven (7) days and he mitigated it to three (3) days. Mr. Eggert stated that he tried to reach resolution, but was unable to.

In reference to the Work Place Violence Report, Mr. Eggert stated that he took immediate actions to safe guard Ms. Kriesch when the alleged incident was brought to his attention. Mr. Eggert stated that he moved Ms. Kriesch to a different floor the day following the event (March 21, 2000).

In addition, Mr. Eggert stated that he was instructed by the Threat Assessment Team, assembled to investigate the incident, to contact individuals who may have witnessed the alleged incident and collect the witnesses' statements. Mr. Eggert stated that once he had collected those statements, he provided them to the Threat Assessment Team, led by Mary Neal. The Team subsequently issued a report finding that no threat existed and Ms. Kriesch was returned to her original location.

Mr. Eggert stated that Ms. Kriesch told him that the Federal Protective Service (FPS) had issued a report on the alleged incident. However, Mr. Eggert stated that he contacted FPS regarding the report and it appears no one is able to locate the report.

d. **Mary Neal**

Director, Plant Health Programs, 301.734.8261

On October 23, 2000, I contacted Mary Neal, the Director of USDA's Plant Health Programs, regarding the allegations in Ms. Kriesch's report. In reference to the Work Place Violence Report, Ms. Neal informed me that she was contacted by Security on March 20, 2000, the day the alleged act took place, because she was the senior official in the building at the time. However, under normal circumstances, the employee's supervisor would have handled the report. In addition, whenever there is an incident in the building, Security is required to contact local or federal law enforcement to handle the case. In the case of Ms. Kriesch, Security contacted the Federal Protective Service.

Ms. Neal also informed me that, as the senior official, she was asked to head up the Threat Assessment Team. The Team submitted their findings in the form of a report. When the report was issued, Ms. Neal stated that Ms. Kriesch informed her about a report issued by

Exhibit 3C
Page 5 of 35

the Federal Protective Service. Ms. Neal stated that she believed that it was appropriate to hold the Work Place Violence case open until the Team determined whether or not the Federal Protective Service report existed. At the time of my conversation with Ms. Neal, she was unable to definitively state whether or not the report exists. Therefore, she stated the Work Place Violence case remains open.

### RESOLUTION EFFORTS:

The Counselee indicated, during the initial interview, that she would provide me with information regarding her work place violence allegation and supporting information concerning her suspension from work. However, prior to forwarding this information to me, the thirty (30) day counseling period had expired and the Counselee decided she no longer wanted to continue with the counseling process. She did, however, promise to provide me with the material she had compiled for my review and for inclusion in the final report. On October 12, 2000, via Federal Express, I received the supporting information and contacted Mona Grupp, Mary Neal and Paul Eggert in order to provide them with an opportunity to respond to the allegations, and amend this report.

### CLOSURE:

According to Ms. Neal, the Work Place Violence case remains open until the Federal Protective Service Report is found, if it exists.

In addition, Ms. Kriesch informed me that she will file a formal complaint because she does not believe management will cooperate on this informal level.

_Daneé Gaines_  
Daneé Gaines  
EEO Counselor

_October 24, 2000_  
Date

Exhibit 3C  
Page 6 of 35

6