UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PENNY E. KRIESCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-02402 (RMC) |
| ) | |
| MICHAEL O. JOHANNS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF HIS MOTION TO DISMISS,
FOR SUMMARY JUDGMENT AND TO TRANSFER**

Defendant Michael O. Johanns, the Secretary of the U.S. Department of Agriculture ("Defendant"), respectfully submits this reply memorandum in response to Plaintiff's opposition and in further support of Defendant's motion to dismiss, for summary judgment and to transfer. In her opposition, Plaintiff appears to concede that some of her claims are untimely and attempts to justify her illegitimate theory of continuing violation by attempting to pass it off as a hostile work environment theory. Plaintiff's ill-constructed continuing violation theory clearly fails as a matter of law, and Plaintiff's claims, even taken as true, legally do not amount to a hostile work environment. Accordingly, Plaintiff's claims should be dismissed, or, alternatively, Defendant is entitled to judgment as a matter of law, there being no genuine issues of material fact.

## DISCUSSION

I.   **Plaintiff's Allegations About Meetings and Concerns Expressed Do Not Constitute the Formal Initiation of Counseling or the Filing of an EEO Complaint.**

**Agency Case No. 990793**

Improper Relocation Claim

On page 5 of her opposition, Plaintiff claims to have met both with an employee of the Equal Employment Opportunity (EEO) office and with Anna Grayson in March 1998. However, she does not allege that the purpose of either of these meetings was to initiate counseling formally for EEO purposes. Plaintiff reports that, at some unspecified time, she engaged in an alternative dispute resolution program. However, she does not report that she formally initiated counseling within 45 days of the alleged discriminatory events.[1]  None of the information provided by plaintiff suggests that equitable tolling should be permitted in this instance. See Wiley v. Johnson, 436 F.Supp.2d 91 (D.D.C. 2006); see also Steiner v. Henderson, 354 F.3d 432, 435-437 (6th Cir. 2003). Accordingly, this claim should be dismissed as untimely.

Failure to Provide Performance Appraisal

As to Plaintiff's claim that Defendant failed to provide a performance appraisal, her only excuse is that the March 1999 time frame was the "first time Ms. Kriesch had a reason to suspect she was being treated differently from her white coworkers." Opp. at 5. However, this is not the standard. As stated by the Court in Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41 (1st Cir. 2005), "'equitable modification is appropriate only where the employer actively misled the employee concerning the reasons for the [adverse action].'" Id. at 46-47, quoting Earnhardt v. Commonwealth of Puerto Rico, 691 F.2d 69, 71 (1st Cir. 1982). Plaintiff here does not

---

[1] Moreover, even if these March 1998 meetings had occurred, Ms. Kriesch does not claim that she filed a complaint of discrimination within 90 days, as required.

and cannot claim that USDA actively misled her. Moreover, Plaintiff's description of her confrontation with supervisors about her performance appraisals further suggests that she actually believed that they were adverse actions. See Opp. at 5.

Defendant reiterates that Plaintiff cannot establish that denial of a performance appraisal in this context was an adverse action. This action is clearly not adverse unless it is tied to a bonus. Since Plaintiff does not contest that the bonus here was discretionary, see opp. at 21, such a loss is typically not sufficient to constitute an adverse employment action. See Rabinovitz v. Pena, 89 F.3d 482, 488-89 (7th Cir.1996) (loss of bonus not adverse employment action when employee not automatically entitled to bonus).[2] Plaintiff's subjective expectation that she would receive such a bonus is insufficient to establish an adverse action. See Ball v. Tanoue, 133 F.Supp.2d 84, 91 n.6 (D.D.C. 2001), citing Russ v. Van Scoyoc Associates, Inc., 122 F.Supp.2d 29, 33 (D.D.C. 2000).

## II.   Retaliation claims, like discrimination claims, are subject to a materiality requirement.

Concerning Plaintiff's arguments suggesting that Defendant's arguments concerning adverse employment action do not apply to her retaliation claim, such a notion is plainly in error. While the Court in Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006), held "that an alleged act of retaliation by the Government need not be related to the plaintiff's employment in order to state a claim of discrimination under Title VII," Rochon nevertheless makes it clear that the alleged agency action must still be "material."[3] Rochon states:

> We are not indifferent to the Government's concern that too broad a reading of § 2000e-3(a) could lead to a barrage of lawsuits against it based upon trivial actions,

---

[2] Plaintiff's allegation that she was on a "merit system," as opposed to being a salaried employee, appears conclusory and clearly lacking in validity.

[3] It should be noted that a petition for rehearing *en banc* has been filed in *Rochon*.

3

> such as the "misdelivery of a letter" by the Postal Service. On the contrary, we think making actionable insignificant disparities in the treatment of employees of different races, or religions, et cetera, is too absurd to be attributed to the Congress. Such suits are properly precluded, however, not by the court creating an atextual loophole for forms of retaliation unrelated to the plaintiff's employment, but by our **requiring that the alleged retaliation be "material" or "significant." Indeed, we have already held that materiality is implicit in the term "discriminate" as it is used in Title VII.** See Brown v. Brody, 199 F.3d 446, 457 (1999) (plaintiff must demonstrate **"materially adverse consequences . . . such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm"). In the framework of Title VII, a claim of retaliation is necessarily a claim of discrimination and the requirement of materiality therefore inheres in it as well**.

Rochon, 438 F.3d at 1219.

Contrary to Plaintiff's assertion, Rochon does not alter the "standard to establish an adverse action," under Title VII's anti-discrimination and anti-retaliation provisions. It merely allows a plaintiff to complain about retaliation actions that go beyond the personnel context; the standard to state a claim – materiality – is still the same. The actions about which Plaintiff claims are immaterial, and thus are still non-cognizable under Rochon. The Supreme Court's holding in Burlington Northern & Santa Fe Railway Co. v. White, ___ U.S. ___, 126 S.C.t. 2405 (2006), is consistent with this reading. The High Court states expressly:

> The anti-retaliation provision protects an individual not from all retaliation, but from **retaliation that produces an injury or harm**. As we have explained, the Courts of Appeals have used differing language to describe the level of seriousness to which this harm must rise before it becomes actionable retaliation. We agree with the formulation set forth by the Seventh and the District of Columbia Circuits. In our view, a plaintiff must show that a reasonable employee would have found the challenged action **materially adverse**, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination." ' Rochon, 438 F.3d, at 1219 (quoting [Washington v. Illinois Dept. of Revenue, 420 F.3d 658, 662 (7th Cir. 2005)]).

Id. at 1214-15. Defendant's arguments that Plaintiff's claims relating to her failure to receive a performance evaluation then apply with equal force to her retaliation claim.

### III.  Plaintiff Cannot Establish A Hostile Work Environment

Defendant reiterates, for all the reasons set forth in his Motion to Dismiss, for Summary Judgment and to Transfer, that Plaintiff cannot establish a hostile work environment claim. Plaintiff does not base this claim on the conditions of the workplace, but on an accumulation of discrete claimed instances of discrimination, which she has failed to exhaust. All of the acts of discrimination of which Plaintiff complains are discrete. They involved a separate, identifiable alleged harm and occurred or began on a particular day. They tend to relate to discrete events, as opposed to the nature or quality of the workplace. See Ledbetter v. Goodyear Tire and Rubber Co., Inc., 421 F.3d 1169, 1179-80 (11th Cir. 2005) (Hostile work environment claims are based "on the cumulative effect of individual acts."). Plaintiff cannot make out any such claim, here, and summary judgment should be entered in Defendant's favor. The several, disparate incidents complained of by Plaintiff do not, in the aggregate, combine to establish an abusive working environment. Given the nature of Plaintiff's claims, they should be considered by the Court to be discrete acts requiring administrative exhaustion. Id. at 1179.[4]

Plaintiff's citation to Ash v. Tyson Foods, Inc., ___ U.S. ___, 126 S.Ct. 1195, 1197 (2006), for the proposition that words alone may constitute discrimination relies on a non-selection case when the issue is a hostile work environment, with a completely different standard. See Baloch v. Norton, 355 F.Supp.2d 246, 260 (D.D.C. 2005) (Profanity did not create hostile work environment in the absence of discriminatory overtones).

---

[4] Defendant notes Plaintiff's claim in footnote 9 of her opposition claiming "that for many of her claims it would be impossible to identify a date certain on the discriminatory or retaliatory act occurred." Opp. at 19  These statements in which she admits not knowing when an adverse action occurred, seem to run contrary to her claims that she properly exhausted.

**IV.     Plaintiff's Suit Should be Transferred to the District of Maryland**

For all the reasons discussed and the authority cited in Defendant's motion, this case should be transferred to the District of Maryland. The essence of Plaintiff's claims relate to events, files and witnesses found in Maryland.

WHEREFORE, Defendant's motion to dismiss, for summary judgment and to transfer should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

November 21, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2006, I caused the foregoing Reply Memorandum in Further Support of His Motion to Dismiss, for Summary Judgment and To Transfer, to be served on Counsel for the Plaintiff by the Electronic Case Filing system or, if this means fails, then by mail, postage prepaid, addressed as follows:

Mark A. Dann, Esq.
Gebhardt & Associates, LLP
1101 17th Street, N.W.
Suite 807
Washington, D.C. 20036-4716.

/s/
_____
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739