# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PENNY KRIESCH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2402 (RMC) |
| ) | |
| MIKE JOHANNS, ) | |
| Secretary of Agriculture, ) | |
|     Defendant. ) | |

## ANSWER

The Defendant, Mike Johanns, in his official capacity as Secretary of the United States Department of Agriculture (hereinafter "the Department" or "USDA"), through counsel, the United States Attorney for the District of Columbia, hereby answers the allegations of the First Amended Complaint filed by the Plaintiff Penny Kriesch (hereinafter referred to as "Plaintiff") as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff failed to contact an Equal Employment Opportunity counselor within forty-five (45) days of some of the alleged discriminatory acts pursuant to 29 C.F.R. § 1614.105(a)(1).

### SECOND DEFENSE

Defendant denies any discrimination or retaliation against Plaintiff, but asserts that, regardless of any such claimed motivations, USDA would not have promoted Plaintiff before 2003, and would have taken any other claimed adverse actions.

**THIRD DEFENSE**

To the extent that an allegation is not admitted, it is denied. Defendant responds to the specifically-numbered paragraphs and prayer for relief set forth in the Complaint as follows:

1.  This paragraph constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her suit, as well as a summary of the relief requested, to which a response is unnecessary. To the extent that a response is deemed required, Defendant denies that the allegations raised in the Complaint support a viable cause of action in this court, or that Plaintiff is entitled to any relief whatsoever.

**Parties**

2.  Admitted, to the extent Plaintiff began her federal career in 1979, and began employment with the Defendant in 1989.

3.  Admitted.

**Jurisdiction and Venue**

4-9.  This section of the complaint encompasses legal conclusions concerning venue and jurisdiction, including administrative exhaustion, to which a response is not required. To the extent that a response is deemed required, Defendant denies that venue and jurisdiction are proper in the District of Columbia, consistent with the allegations of his dispositive motion.

**Facts**

10.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. To the extent that a definitive answer is required, denied.

11-14.  Defendant denies that Plaintiff is currently employed as a Management Analyst. Defendant denies that Plaintiff has been serving in this position since June 2004. Defendant asserts that Plaintiff is currently employed as a Program Analyst with Planning Analysis and Regulatory Coordination ("PARC"), Plant Protection and Quarantine, Animal Health Inspection Service, U.S. Department of Agriculture in Riverdale, Maryland. Plaintiff began as a Program Analyst with PARC, formerly Policy, Planning and Critical Issues on August 27, 2000. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in this paragraph. To the extent that a definitive answer is required, denied.

15-16.  Denied.

17-18.  Defendant denies the assertions of these paragraphs.

19.  Defendant denies the assertions of this paragraph, except that Defendant admits that Plaintiff did not receive performance evaluations or performance awards during the period of January 1997 to January 1999.

20.  Defendant denies both the statements allegedly made by Dr. Schwalbe and their relevance to the adverse actions that are the subject of this lawsuit.

21-27.  Denied.

28.  Defendant is without immediate access to information sufficient to form a belief as to the truth of the allegations of this paragraph. To the extent that a definitive answer is required, denied both as to accuracy and relevancy.

29-30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs. To the extent that a definitive answer is required, denied.

31-33. Denied.

34. Defendant admits the neutral description of Plaintiff's duties, but denies the assertions of the first and last sentences.

35-49. Denied.

50. Defendant admits that Dr. Reed signed the Promotion/Selection certificate appointing Ms. Billet Chief of Staff effective March 28, 1999, but is without sufficient information to confirm the actual date of signature. To the extent that a more definitive response is required, denied. Defendant denies the remaining allegations of this paragraph.

51. Defendant avers that Plaintiff was not selected for a GS-14 position on or about March 19, 1999. Defendant denies the remaining allegations of this paragraph.

52-58. Denied.

59. Defendant admits that Dr. Dunkle signed a Position Description cover sheet (Form AD-332) and Request for Personnel Action (Standard Form 52) authorizing the position review and revisions. Defendant denies the remaining allegations of this paragraph.

60-69. Denied.[1]

---

[1] The paragraphs of the Amended Complaint are mis-numbered and omit reference to paragraph 70, among other errors.

71-73.  Denied.

74.  Denied, except that Defendant admits that Plaintiff was reassigned to Plant Protection and Quarantine in Maryland in the Fall of 1999.

75.  Denied, except that Defendant admits that Plaintiff filed an EEO complaint on September 26, 1999.

76 (a&b).[2]  Denied.

77-80.  Denied.

81-85.  Denied.

86.  Denied, except that Defendant admits that Plaintiff made a Work Place Violence report against Ms. Grupp.

87.  Denied.

88.  Denied, except that Defendant admits that Plaintiff was suspended for three days, August 15-17, 2000.

89-93.  Denied.

94.  Denied, except that Defendant admits that Plaintiff was not selected for the position of Program Analyst under vacancy announcement 9-77-165-1.

95-96.  Denied.

97.  Denied, except that Defendant admits that John Payne had prior knowledge of some of Plaintiff's protected EEO activities in 2001.

---

[2] The mis-numbered paragraphs of the Amended Complaint include a duplicate reference to paragraph 76. For clarity, Defendant adds an "a" and "b" reference, respectively, to each.

98. Defendant is without sufficient knowledge or information that would permit a definite response to this paragraph. To the extent that a definitive response is required, denied, except that Defendant admits that Mary Neal had prior knowledge of some of Plaintiff's protected EEO activities in 2001.

99. Denied, except that Defendant admits that Faith Taylor and Andrea Morgan had prior knowledge of some of Plaintiff's protected EEO activity prior to the Behavioral Event Interview Panel.

100. Defendant admits that Plaintiff applied for the subject position, but is without sufficient knowledge or information that would permit Defendant to state on what date Plaintiff submitted her application. To the extent that a definitive response is required, denied.

101. Admitted.

102. Denied.

103. Defendant denies the first sentence of this paragraph to the extent Ms. Cheri A. Oswalt chaired a Merit Promotion Panel. A panel, consisting of Lead Human Resources Specialist Catherine Metcalf and others, reviewed the applications for minimum qualifications and experience matching the Knowledge, Skills, and Abilities listed on vacancy announcement 9-77-165-1. This panel concluded that Plaintiff was one of the best qualified applicants, and her name was placed on the Certificate of Eligibles, i.e., Best Qualified List ("BQL").

104. Defendant admits that Mr. Payne served as the selecting official for vacancy announcement 9-77-165-1. Defendant denies the second sentence.

105.    Defendant admits that there were two panels, but denies that Mr. Payne established them.

106.    Denied.

107.    Defendant denies that Mr. Payne established the two panels. Russell Caplen assembled the panel members for the Technical and Behavioral Event Interview ('BEI"). Defendant admits that Phil Garcia, Elna Hunter and Michael Colbert served on the Technical panel. Defendant denies that Phil Garcia was not an expert in strategic planning. Defendant denies that there were only four members of the BEI panel. Defendant avers that Ron Komsa, Cynthia Mercado, Andrea Morgan, Faith Taylor (Facilitator), and Lia Stewart (EEO Advisory Committee) served on the BEI panel. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in this paragraph. To the extent that a more definitive response is required, denied.

108.    Denied.

109-110.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. To the extent that a more definitive response is required, denied.

111.    Defendant admits the first sentence of this paragraph. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations of this paragraph. To the extent that a more definitive response is required, denied.

112.    Defendant admits that Linda Banks, Connie Williams, Ruth Rosenthal, and Plaintiff were the top four ranked applicants by the Technical panel. Defendant avers that the

          order of the ranking was not Plaintiff (1st), Ms. Banks (2nd), Ms. Williams, (3rd) and Ms. Rosenthal (4th).

113.        As to the first sentence, denied. Defendant admits that Ms. Taylor informed the BEI panelists that one of the candidates was an EEO grievant who had previously filed an EEO complaint about a PPQ personnel action. Defendant admits that Ms. Taylor subsequently identified Plaintiff to Ms. Morgan as the EEO grievant who had filed the complaint.

114.        Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. To the extent that a definitive response is required, denied.

115.        As to the first sentence, admitted. As to the second sentence, denied.

116.        Denied, except that Defendant admits that Mr. Payne changed the reported scores of the BEI panel for Ms. Linda Banks.

117.        As to the first sentence, admitted. As to the second sentence, denied.

118.        Denied, except that Defendant admits that Mr. Payne selected Ms. Banks for the Program Analyst position advertised under vacancy announcement 9-77-165-1.

119-120.    Denied.

## CAUSE OF ACTION

### Count I

121.        Denied, reasserting all responses to each and every allegation set forth above.

121(a)-(d).    Denied.

## Count II

122. Denied, reasserting all responses to each and every allegation set forth above.

122(a)-(b). Denied.

## Count III

123. Denied, reasserting all responses to each and every allegation set forth above.

## **RELIEF REQUESTED**

124. The lettered paragraphs following paragraph 124 contain a prayer for relief, to which no response is required, but to the extent that any answer is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **JURY TRIAL**

125. Defendant denies that Plaintiff is entitled to a jury trial except as to those claims that may properly be asserted under Title VII.

Defendant hereby specifically DENIES each and every allegation contained in Plaintiff's Amended Complaint not hereinbefore otherwise answered.

WHEREFORE, the Defendant demands as follows:

1. Judgment in his favor and against Plaintiffs;

2. For all costs incurred herein; and

3. For any and all relief to which he, on behalf of the government, may appear to be entitled.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

**OF COUNSEL**:
Brandi A. Cain, Esq.
Robert Hardin, Esq.
Attorney Advisors
Civil Rights Litigation Division
Office of the General Counsel
U.S. Department of Agriculture

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2007, I caused the foregoing Answer to be served on Counsel for the Plaintiff by the Electronic Court Filing system or, if this means fails, then by mail, postage prepaid, addressed as follows:

**Mark A. Dann, Esq.**
**Gebhardt & Associates, LLP**
**1101 17th Street, N.W.**
**Suite 807**
**Washington, D.C. 20036-4716**

 

/s/
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739