## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PENNY KRIESCH,<br>　　　Plaintiff,<br><br>v.<br><br>ED SCHAFER,<br>Secretary of Agriculture,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)　　Civil Action No. 05-2402 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### JOINT MEET AND CONFER REPORT PURSUANT TO LCvR 16.3

Pursuant to LCvR 16.3, the Parties have conferred and hereby report to the Court as follows:

**1.  Case Scheduling:** All pre-discovery dispositive motions have been resolved by the Court, and no other pending motions need be resolved.  The Parties have made extensive efforts to settle the case, and the prospects for settlement still appear to be good.  The parties will consider the possibility of settlement at the close of all discovery.

**2.  Joinder/Amendment/Narrowing:** The Parties do not anticipate needing to join third parties or to amend the pleadings further.  The United States Department of Agriculture (USDA) filed an answer to the Amended Complaint in February 2007.

**3.  Assignment To Magistrate Judge:** The parties do not so consent.

**4.  Settlement Possibility:** The parties have made substantial efforts to settle the case, including discussions with a mediator assigned by the Circuit Executive's Alternative Dispute Resolution program and discussions with a private mediator paid for by the United States Department of Justice, Office of Dispute Resolution, with contributions from the Plaintiff.  The parties' relative settlement positions appear to be close.  The parties have exchanged numerous specific proposals.

Nonetheless, discussions have continued for so long that, at present, a mutual interest in settlement has been lost. The possibility of settlement still exists, however.

    5.    **Alternative Dispute Procedures:** See section 4 above.

    6.    **Dispositive Motions:** Defendant anticipates filing a dispositive motion upon the close of discovery in this case. The Parties suggest the following briefing schedule: dispositive motions filed within 45 days of the close of discovery, opposition memoranda filed no later than 45 days thereafter, and any replies filed within three weeks of the filing of the opposition.

    7.    **Initial Disclosures:** The parties will enter a separately filed stipulation dispensing with initial disclosures.

    8.    **Discovery:** The parties propose that discovery end six months after it starts. The parties agree that they should be limited to 25 requests as to any one of the written discovery devices available and 10 depositions, with each deposition limited to seven hours, as set forth in the Fed. R. Civ. P. The discovery ending date accounts for Counsel for the Defendant's and Agency Counsel's generally demanding litigation schedule and anticipated personal demands of Counsel for the Defendant during the month of August 2008.

    9.    **Experts:** The parties propose that they serve proponent expert disclosures no later than 90 days before the end of discovery, and that they serve rebuttal expert disclosures 60 days before the close of discovery.

    10.    **Class Action Procedures:** Not applicable.

    11.    **Bifurcation of Discovery or Trial:** Not Applicable.

    12.    **Proposed Date For The Pretrial Conference:** The Parties propose that the Court schedule a pretrial date 60 days after the Court rules on post-discovery dispositive motions.

13. **Trial Date:**   The Parties submit that the Court should schedule a trial date, if necessary, at the pretrial conference.

14. **Electronic Discovery Plan and Protective Order:**  The parties agree that they will separately file, within thirty (30) days of this filing, a joint notice setting forth their plan and a proposed order governing discovery of any electronically stored information (ESI).  The parties will also file separately a proposed Stipulated Privacy Protection order setting forth procedures for disclosure of government records protected by the Privacy Act and any other government information legally protected from disclosure.  The parties agree that discovery of ESI and protected information will not occur before the Court enters orders governing these disclosures.

15. **Other Matters:**  None.

A Scheduling Order incorporating the parties' proposals is attached.

Respectfully Submitted,

| | |
|---|---|
| /s/ (VRR/by OWM) | /s/ |
| JOSEPH D. GEBHARDT | JEFFREY A. TAYLOR, D.C. Bar # 498610 |
| (D.C. Bar No. 113894) | United States Attorney |
| VALENCIA R. RAINEY | |
| (D.C. Bar No. 434254) | /s/ |
| GEBHARDT & ASSOCIATES, LLP | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
| 1101 17th Street, N.W. | Assistant United States Attorney |
| Suite 807 | |
| Washington, D.C. 20036-4716 | /s/ |
| (202) 496-0400 | OLIVER W. McDANIEL, D.C. Bar #377-360 |
| | Assistant United States Attorney |
| Counsel for the Plaintiff | Civil Division |
| | 555 Fourth Street, N.W. |
| | Washington, D.C.  20530 |
| | (202) 616-0739 |
| May 27, 2008 | |
| | Counsel for Defendant |